WESLEY D. KIDDER & another *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk.   December 12, 1895. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Railroad — Facilities for Express Business — Statute — Equity.*

A person who, when St. 1894, c. 469, was enacted, was engaged in a local express business between points within the Commonwealth on the freight trains of a railroad corporation, is entitled to have the privilege of doing his express business on the passenger trains of the corporation upon terms, and with facilities and accommodations, which shall be reasonable, and equal to those furnished to others doing a like business over the railroad, having regard to the amount and character of the service, and also to such reasonable regulations of the business as may be required for the public interest and the efficient operation of the railroad.

BILL IN EQUITY, filed in the Superior Court, under St. 1894, c. 469, to compel the defendant corporation to furnish the plaintiffs, who were engaged in a local express business, with terms, facilities, and accommodations similar to those provided by the corporation for other express companies doing business upon the defendant's railroad. The case was heard by *Bishop*, J., and

reported for the determination of this court. If the plaintiffs were entitled to relief, a mandatory injunction was to issue; otherwise, the bill was to be dismissed, or such other decree entered as law and justice might require. The facts appear in the opinion.

*F. J. Daggett & G. P. Wardner,* for the plaintiffs.

*G. A. Torrey,* for the defendant.

KNOWLTON, J. This suit in equity is brought under the provisions of St. 1894, c. 469, to compel the defendant to give the plaintiffs terms, facilities, and accommodations for the transportation of merchandise as a local express company equal to those given to another express company now doing business over the defendant's railroad.

The Pub. Sts. c. 112, § 188, is in these words: " Every railroad corporation shall give to all persons or companies reasonable and equal terms, facilities, and accommodations for the transportation of themselves, their agents and servants, and of any merchandise and other property upon its railroad, and for the use of its depot and other buildings and grounds; and at any point where its railroad connects with another railroad, reasonable and equal terms and facilities of interchange." The St. 1894, c. 469, § 1, makes these provisions applicable " to all persons and companies now engaged in only a local express business, for the forwarding of express matter between points within the Commonwealth, in the trains or cars of another railroad corporation, and to persons or companies desiring to engage therein who may obtain the recommendation of the board of railroad commissioners therefor; and who may by written agreement assume to indemnify such corporation against all loss of and damage to any property carried by them on its trains. . . . Such corporation may contract with one or more persons or companies for the express service over its line or system, subject to the rights of such persons or companies as now are engaged in, or shall have obtained the recommendation aforesaid, to conduct such local express business thereon between points within the Commonwealth, under the provisions of this act; and the terms, facilities, and accommodations provided for such last mentioned persons or companies shall not be unreasonable or unequal, having regard to the amount and character of the service and also

to such reasonable regulation of said business as may be required for the public interest and the efficient operation of the railroad." The plaintiffs were local expressmen, who for more than three years have been engaged in the business between Ayer Junction, Concord, and Boston, transporting their express matter over the defendant's railroad. They had been accustomed to carry about one hundred and sixty packages per day between Concord and Boston, and Ayer Junction and Boston, and return. Most of these were small packages, and they were all carried in the freight cars and trains of the defendant, the plaintiffs, at the same time, riding in the passenger trains upon season tickets purchased of the defendant. The National Express Company, under a contract with the defendant, is conducting an express business in the defendant's passenger trains, and its accommodations and facilities for doing business are much better than those furnished to the plaintiffs. The question is whether, under the statutes quoted above, the plaintiffs are entitled to accommodations and facilities equal to those enjoyed by the National Express Company, having regard to the amount and character of the service.

These statutes were enacted to prevent unjust discrimination by railroad companies, and similar enactments have been embodied in the statutes or constitutions, and have been approved by the courts, of most of the other States. *New England Express Co.* v. *Maine Central Railroad,* 57 Maine, 188. *McDuffee* v. *Portland & Rochester Railroad,* 52 N. H. 430. *Providence Coal Co.* v. *Providence & Worcester Railroad,* 15 R. I. 303, 310. *Root* v. *Long Island Railroad,* 114 N. Y. 300. *Messenger* v. *Pennsylvania Railroad,* 7 Vroom, 407 ; *S. C.* 8 Vroom, 531. *Sandford* v. *Railroad Co.* 24 Penn. St. 378. *Scofield* v. *Railway Co.* 43 Ohio St. 571. *Chicago, Burlington, & Quincy Railroad* v. *Parks,* 18 Ill. 460. *Cook* v. *Chicago, Rock Island, & Pacific Railway,* 81 Iowa, 551. *Sloan* v. *Pacific Railroad,* 61 Mo. 24.

The first part of St. 1894, c. 469, is merely declaratory of the meaning of the section of the Public Statutes to which it refers ; for both the broad language and the spirit of this section include express companies and other common carriers, as well as individual shippers of merchandise. *Old Colony Railroad* v. *Tripp,* 147 Mass. 35. The statute last enacted, while

expressly providing for local express companies, is restrictive of the Public Statutes in that the benefits of the section referred to can be enjoyed only by persons and companies engaged at the time of its enactment in a local express business, between points within the Commonwealth, in the trains or cars of the railroad corporation, and by those who desire to engage in such business, and who obtain the recommendation of the railroad commissioners therefor. If the plaintiffs were engaged in a local express business within the meaning of the statute at the time of the passage of the act, they are entitled to the relief which they seek. This is virtually conceded by the defendant's counsel in his argument; but his contention is that the statute applies only to those who at the time of its passage were doing a local express business on passenger trains of railroads within the Commonwealth, and that the plaintiffs are not within its terms because they carried their parcels upon freight trains. We see no foundation in the statute for this contention. It is probably true that most local express companies doing business upon railroads have been accustomed to transport their merchandise on passenger trains, and it may be that this mode of doing business was prominently before the Legislature when the statute was framed; but its terms are broad and it contains no reference to any distinction between companies using passenger trains and those using freight trains. We cannot limit the meaning of this provision of the statute by construction so as to exclude the plaintiffs from its benefits without doing violence to its language. They are, therefore, entitled to a mandatory order which shall secure them the privilege of doing their express business on the passenger trains of the defendant upon terms, and with facilities and accommodations, which shall be reasonable, and equal to those furnished to other companies doing business over the defendant's railroad, having regard to the amount and character of the service, and also to such reasonable regulations of the business as may be required for the public interest and the efficient operation of the railroad. The terms of the order are to be prescribed by a justice of the Superior Court. The kind of accommodations to which the plaintiffs are entitled is a subject which is not now before us.

*So ordered.*